# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Case No.

### Ana H. Borges, Arthur of the family Wittenberg
individually
and as parent and next friend of
(SMT)
~~████~~es, a minor,
*Plaintiff*

v.

### RHODE ISLAND DEPARTMENT OF CHILDREN, YOUTH & FAMILIES
*Defendant*

## COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, FEDERAL, AND STATE LAW

Plaintiff Ana H. Borges, Arthur of the family Wittenberg, individually and as parent and next friend of S~~elina~~ M. T~~orres~~ (S.M.T.), a minor, hereby files this Complaint against Defendant Rhode Island Department of Children, Youth & Families (DCYF) and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) as the events giving rise to this claim occurred within the District of Rhode Island.

### II. PARTIES

3. Plaintiff Ana H. Borges, is a resident of Pawtucket, Rhode Island individually and as parent and next friend of S~~elina~~ M. T~~orres~~ (S.M.T.)

4. Plaintiff Arthur of the family Wittenberg, who reside in New Orleans, Louisiana individually and as parent and next friend of Selina M. Torres.

5. Defendant DCYF is a state agency responsible for child welfare services in Rhode Island, as established by R.I. Gen. Laws § 42-72.

## III. FACTUAL ALLEGATIONS

6. On February 14, 2025, Plaintiff attended a medical appointment with their 14-year-old daughter.

7. Plaintiff declined to leave the exam room for **religious reasons** (First Amendment), as permitted by **Wisconsin v. Yoder, 406 U.S. 205 (1972)**.

8. Over **30 days later**, on March 18, 2025, DCYF initiated an investigation claiming a "same-day" report of neglect related to refusal of counseling.

9. Plaintiff and child fully complied with DCYF's questioning. The child confirmed:
    - She spoke with a counselor **over a year ago** after a school incident.
    - She does not currently want counseling.

10. **No history of abuse/neglect** exists. DCYF's investigation lacked probable cause under **R.I. Gen. Laws § 40-11-2** (defining abuse/neglect).

11. DCYF's investigation violated the **Fourth Amendment protections** against unreasonable searches, as described in **Calabretta v. Floyd, 189 F.3d 808 (9th Cir. 1999)** (coercive tactics to enter homes).

## IV. CAUSES OF ACTION
### COUNT I: FOURTH AMENDMENT VIOLATION (42 U.S.C. § 1983)

12. DCYF's investigation constituted an **unreasonable search** absent exigent circumstances or a warrant, violating the Fourth Amendment.

- **Support**: *Family Policing and the Fourth Amendment* (Calif. Law Rev., 2023) (notes

CPS routinely conducts unconstitutional home searches).

- Over 99.8% of child welfare searches are "presumptively unreasonable" (ProPublica, 2023).

## COUNT II: FIRST AMENDMENT VIOLATION
13. DCYF targeted Plaintiff's **religiously motivated decision** to remain in the exam room, violating free exercise rights under **Wisconsin v. Yoder**.

## COUNT III: FOURTEENTH AMENDMENT DUE PROCESS VIOLATION
14. DCYF failed to:

- Provide timely notice of allegations (**R.I. Gen. Laws § 40-11-7**).

- Establish "clear and convincing evidence" of harm per **Santosky v. Kramer, 455 U.S. 745 (1982)**.

## COUNT IV: HIPAA VIOLATION
15. The doctor's report to DCYF violated **45 C.F.R. § 164.512** (HIPAA exceptions):

- No "imminent threat" justified disclosure, as the incident was **over a year old**.

- **Support**: *HIPAA, Child Advocacy Centers* (NCACIA, 2024) limits disclosures to cases with active danger.

## COUNT V: VIOLATION OF CAPTA (42 U.S.C. § 5106a)
16. DCYF violated CAPTA's requirement for **prompt investigation**. The 30-day delay rendered the report stale and baseless.

## COUNT VI: STATE LAW VIOLATIONS
17. **R.I. Gen. Laws § 40-11-7**: DCYF failed to conduct a timely investigation.

18. **R.I. Gen. Laws § 42-72-15**: Violated the child's right to dignity and privacy.

## V. PRAYER FOR RELIEF

Plaintiff requests:

1. **Declaratory Judgment** that DCYF's actions violated federal and state law.

2. **Injunctive Relief** barring DCYF from using stale reports or religious decisions to justify investigations, and removal of this incident from all records.

3. **Compensatory Damages** for emotional distress.

4. **All Legal Fees** under **42 U.S.C. § 1988**.

5. Any further relief the Court deems just.

## LEGAL AND FACTUAL SUPPORT

### Federal Case Law

- **DeShaney v. Winnebago Cnty., 489 U.S. 189 (1989)**: State agencies must follow constitutional standards in investigations.

- **Rivers v. ACS (2023)**: $75k settlement for unconstitutional removals (ProPublica, 2023).

### State Law

- **In re Kristina L., 520 A.2d 574 (R.I. 1987)**: Parental rights are fundamental under the Fourteenth Amendment.

### HIPAA Precedent

- **Children's Hospital Colorado (2024)**: $548k penalty for unauthorized disclosures (HIPAA Journal, 2024).

March 31, 2025
Respectfully submitted,

_Ana H. Borges_
Ana H. Borges 1-308
51 Cooper St
Pawtucket, RI, 02860

_Arthur Wittenberg_
Arthur of the family Wittenberg 1-308
701 Loyola Ave
New Orleans, La 70113