## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Ana H. Borges and Arthur Wittenberg, Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| Rhode Island Department of Children Youth and Families, Defendant. | ) ) ) ) ) ) |

C.A. No. 1:25-cv-00124-MSM

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss (ECF No. 19) of defendant Rhode Island Department of Children Youth and Families ("DCYF"). Plaintiffs Ana H. Borges and Arthur Wittenberg (collectively, "Plaintiffs") sued DCYF alleging constitutional and statutory violations that center around a medical appointment and subsequent DCYF investigation involving their child. (ECF No. 1.) Also before the Court are various motions submitted by Plaintiffs seeking, *inter alia*, default judgment against DCYF and striking of its filings. (ECF Nos. 23–26.) For the following reasons, the Court GRANTS DCYF's Motion and DENIES Plaintiffs' motions.

Plaintiffs allege in their Complaint that, during a medical appointment they attended with their child, Plaintiffs were asked to leave the exam room, which they refused for religious reasons. (ECF No. 1 at 2.) Thirty-two days later, DCYF

purportedly initiated an investigation claiming a "same-day" report of neglect related to refusal of counseling. *Id.* Plaintiffs allege they complied with DCYF's questioning, which they assert was meritless. *Id.* From these factual allegations alone, Plaintiffs assert violation of rights protected under the First Amendment, Fourth Amendment, and Fourteenth Amendment; violation of the Health Insurance Portability and Accountability Act ("HIPAA"), violation of the Child Abuse Prevention and Treatment Act ("CAPTA"), and violation of Rhode Island General Laws § 40-11-7 and § 42-72-15. *Id.* at 2–3.

Plaintiffs' present motions include a Motion to Strike DCYF's Motion to Dismiss (ECF No. 23), a Renewed Motion for Default Judgment (ECF No. 24), a Motion for Hearing regarding these motions (ECF No. 25), and a Motion for Leave to File Sur Reply (ECF No. 26). Plaintiff's Motion to Strike asserts procedural objections to DCYF's Motion to Dismiss that are premised on Plaintiff's misunderstanding of applicable deadlines and other misapprehensions of applicable law and are consequently meritless. Plaintiffs' Renewed Motion for Default Judgment is based on similar meritless procedural objections, including Plaintiffs' willful and repeated misunderstanding of the proper method of service on a state agency. Plaintiffs' proposed Sur Reply repeats these same arguments and does not substantively address the merits of DCYF's Motion to Dismiss. As for Plaintiffs' Motion for Hearing, the Court is satisfied that no oral argument is necessary for it to rule on DCYF's Motion.

To survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim." That means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island,* 542 F.3d 944 (1st Cir. 2008). A court need not, however, credit bald assertions or unverifiable conclusions. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Further, a court's "duty to be 'less stringent' with pro se complaints does not require [the court] to conjure up unpled allegations." *Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (quoting *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979)).

DCYF argues in its Motion to Dismiss that Plaintiffs' Complaint fails as a matter of law. (ECF No. 19-1 at 4.) The Court agrees. Plaintiffs' conclusory allegations in their Complaint are insufficient to state any of the claims they assert for, *inter alia*, the following reasons:

- Plaintiffs' First Amendment claim fails because Plaintiffs allege no substantial burden to their religious practices, or anything else that would be cognizable under that Amendment. *See Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989).

- Plaintiffs' Fourth Amendment claim fails because Plaintiffs allege no facts related to the neglect investigation that implicate the Fourth Amendment's

protection against unreasonable searches. *See United States v. Bain*, 874 F.3d 1, 12–13 (1st Cir. 2017) (describing the test to determine whether a search has occurred).

- Plaintiffs' Fourteenth Amendment claim fails because Plaintiffs allege no facts suggesting that their due process rights were violated. *See Hatch v. Dept. for Child., Youth and Their Families*, 274 F.3d 12, 20 (1st Cir. 2001).

- Plaintiffs' HIPAA and CAPTA claims fail because neither statute creates a private right of enforcement. *See Miller v. Nichols*, 586 F.3d 53, 59–60 (1st Cir. 2009); *Eric L. By & Through Schierberl v. Bird*, 848 F. Supp. 303, 313 (D.N.H. 1994) (citing *Suter v. Artist M.*, 503 U.S. 347, 359 (1992)).

- Plaintiffs' R.I. Gen. Laws § 40-11-7 claim fails because Plaintiffs allege insufficient facts to claim that DCFY's investigation was untimely under its own policies.

- Plaintiffs' R.I. Gen. Laws § 42-72-15 claim fails because Plaintiffs do not allege how DCYF violated the child's right to dignity or privacy.

As such, dismissal of all of Plaintiffs' claims against DCYF is warranted.

In summary, for the foregoing reasons, the Court GRANTS DCYF's Motion to Dismiss (ECF No. 19), and DENIES Plaintiffs' Motion to Strike (ECF No. 23), Renewed Motion for Default Judgment (ECF No. 24), Motion for Hearing (ECF No. 25), and Motion for Leave to File Sur Reply (ECF No. 26).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge


October 14, 2025